IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIUS ISAAC § | | |
|     Plaintiff, § | | |
| § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. |
| § | | |
| § | | |
| PRECISION DRILLING COMPANY, LP; § | | |
| PRECISION DRILLING (US) § | | |
| CORPORATION; PRECISION § | | |
| DRILLING (US) CORPORATION D/B/A § | | |
| PRECISION DRILLING OILFIELD § | | |
| SERVICES CORPORATION; AND § | | |
| PRECISION DRILLING OILFIELD § | | |
| SERVICES, INC., § | | |
|     Defendants. § | | JURY TRIAL DEMANDED |

## PLAINTIFF'S' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Julius Isaac ("Isaac" or "Plaintiff"), files this Original Complaint against Defendant Precision Drilling Company, L.P.; Precision Drilling (US) Corporation; Precision Drilling (US) Corporation D/B/A Precision Drilling Oilfield Services Corporation; and Precision Drilling Oilfield Services, Inc. ("Precision" or "Defendants") and for his causes of action respectfully shows the Court as follows:

**I.
PARTIES**

1. Plaintiff Julius Isaac is a Texas resident.

2. Defendant Precision Drilling Company, LP is a Limited Partnership duly formed and existing under the laws of the State of Texas and may be served with process through its

registered agent, C T Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

3. Defendant Precision Drilling (US) Corporation is a corporation duly formed and existing under the laws of the State of Texas and may be served with process through its registered agent, C T Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

4. Defendant Precision Drilling (US) Corporation d/b/a Precision Drilling Oilfield Services Corporation is a corporation duly formed and existing under the laws of the State of Texas and may be served with process through its registered agent, C T Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

5. Defendant Precision Drilling Oilfield Services, Inc. is a corporation duly formed and existing under the laws of the State of Delaware and may be served with process through its registered agent, C T Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136

## II.
## JURISDICTION AND VENUE

6. Jurisdiction is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1441.

7. Venue is proper in this district court under 28 U.S.C. § 1441(a) because the state court where the suit was originally pending is located in this district.

## III.
## SUMMARY OF CLAIMS

8. Defendant has engaged in unlawful employment practices in violation of the 42 U.S.C. § 1981.

9. These practices include, but are not limited to the matters listed in this Complaint.

10. No action was taken to correct the prevalent problem.

11. Defendant's actions as set forth above subjected Plaintiff to different terms and conditions of employment based on Plaintiff's race and/or color.

12. Plaintiffs suffered violations of 42 U.S.C. § 1981 while employed by Defendant.

## V.
## FACTUAL BACKGROUND

13. Plaintiff is a Black, African-American, citizen of the United States.

14. Plaintiff was employed by Defendant as a HSE Advisor at the time of his discharge.

15. At all times, Plaintiff was qualified for the position he held for Defendants during his employment.

16. Plaintiff is a college graduate.

17. Plaintiff was hired by Defendants on or about the summer of 2012. He worked on an oil rig for 1-2 years as a Floor Hand. Plaintiff was overqualified for the position of Floor Hand, but he needed to work in this position to get the experience necessary to be promoted to the position of Health, Safety, and Environmental (HSE) advisor.

18. On or about August 28, 2013, Defendants was informed by his supervisor (Gionicio Arredondo) and an Human Resources Employee (Manasse) that Defendant intended to demote Plaintiff to work on a rig as a "Helper".

19. Defendants had no legitimate reason to demote Mr. Isaac. Instead, Defendants demoted Isaac because of his race and color. As a result of this unlawful adverse employment action, Plaintiff was constructively discharged from his position on this same day.

20. A "Helper" on a rig makes approximately $40,000-$50,000 a year, which is $30,000-$40,000 less than the $80,000 that Mr. Isaac was making as a HSE Advisor.

21. Upon information and belief, the decision to demote Issac was made by Mr. Rolly Marks ("Marks") and Dave Schmelze ("Schmelzle). Moreover, Marks was responsible for firing every Black person that worked in the Tech Center. In fact, Mr. Marks was known for bragging about that he was the one responsible for terminations. At the time of his constructive discharge, Plaintiff was the last Black employee working at the Tech Center.

22. Plaintiff was not the only Black employee who was subjected to an adverse employment action by Defendant. Other Black employees who were terminated include Monica Carouthers, Colada Bennett, Latricia Blackburn, and Jascue as well as two other Black employees who left.

23. During the time Isaac worked for Defendants, he was also subjected to racial harassment and a hostile work environment on the basis of his race and color. For example, Dave Schmelze was an Operations Manager. On approximately 10 occasions, Schmelzle referred to Mr. Isaac as an "African gorilla". Most of the time Schmelzle uttered this slur behind Plaintiff's back, but on one occasion Mr. Isaac heard Schmelzle make this highly offensive comment.

24. Mr. Schmelzle also stated that if Plaintiff and fellow Black employee Monica Carouthers had children, they would be gorillas. Schmelzle exact words were "You better not make a baby with her, the baby will come out like a gorilla."

25. Another one of Defendants' employees (Steve Folk) called Mr. Isaac a "nigger" behind his back. This slur was overheard by Colada Bennett and Monica Carouthers. Mr. Folk works as a Superintendant for Defendants and had supervisory authority over Plaintiff. Specifically, he was a yard manager/supervisor who signed Plaintiff's daily report.

26. Another one of Defendants' employees (Steve Browner) told Mr. Isaac that he "would be crying and go to his dad." Browner also called Plaintiff a "nigger" behind his back. This slur was overheard by Colada Bennett. Mr. Browner works as a Foreman for Defendants and had supervisory authority over Mr. Isaac. Specifically, Brower signed Plaintiff's daily report when Folk was not there.

27. Plaintiff used to work for Defendant in San Antonio, which was very near to his home. Without explanation or justification, Defendant removed Plaintiff from his position in San Antonio and required him to start working in Midland. This move was not desired by Plaintiff, and he was chosen to be moved to Midland even though there were employees working at Plaintiff's location that had less seniority than he had. Not coincidentally, Plaintiff was the only Black employee working at the San Antonio location.

28. On at least one occasion, Colada Bennett ("Bennett") told Plaintiff that Defendants "want to fire you".

29. Mr. Isaac was subjected to racial harassment and a hostile work environment on the basis of his race and color.

30. In addition to being subjected to racial harassment, Plaintiff was unlawfully subjected to an adverse employment action (demotion) because of his race and color.

31. As a result of: a) the hostile work environment he was subject to and b) being demoted to a position that paid between $30,000-40,000 less than the position he was qualified for, Mr. Isaac was constructively discharged from his job on August 28, 2013.

## VIII.
## CAUSE OF ACTION
### Section 42 U.S.C. § 1981 Violations – Race / Color Discrimination

32. Each and every allegation contained in the foregoing paragraphs is realleged as if fully rewritten herein.

33. Plaintiff's race and color is Black / African-American, a protected group that the Civil Rights Act of 1991, 42 U.S.C. § 1981 intended to protect.

34. Plaintiff is a member of an ethnic group which is, and is commonly perceived as being, ethnically and physiognomically distinct.

35. Defendant subjected Plaintiff to discrimination and harassment because of his race and color.

36. Defendants' conduct towards Plaintiff constitutes race / color discrimination.

37. Defendants' discriminatory actions against Plaintiff violates the Civil Rights Act of 1991, 42 U.S.C. § 1981.

38. By the above-described acts, Defendants discriminated against Plaintiff because of his race / color by discriminating against him with respect to terms, conditions and privileges of his employment through denial of his employment rights, benefits, promotions and achievement, all in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981.

39. Defendants have a pattern and practice of discriminating against Black / African-American citizens by subjecting them to different terms and conditions of employment than non-Black / African American employees.

40. By the above-described acts, Defendants discriminated against Plaintiff because of his race / color by tolerating and failing to take affirmative action to correct these unlawful employment practices, by discriminating against him with respect to the terms, conditions and

privileges of his employment because of his race / color, and through denial of his employment rights and benefits, promotions and achievements.

41. Defendants acted with malice or, in the alternative, with reckless indifference to the protected rights of the Plaintiff.

42. As a result of Defendants' discriminatory actions, Plaintiff has suffered lost wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

43. Defendants' actions towards Plaintiff violate 42 U.S.C. § 1981, for which Plaintiff request compensatory damages.

## IX.
## CAUSE OF ACTION
## Hostile Work Environment

44. Each and every allegation contained in the foregoing paragraphs is realleged as if fully rewritten herein.

45. Defendants allowed, failed to take any action, failed to take remedial action, failed to discipline its employees, and/or failed totake any corrective action, thereby allowing and facilitating the continuance of the discrimination and harassment towards Plaintiff.

46. These conditions lead to a hostile work environment because of the following conditions:

   a. Severe and/or pervasive;

   b. Outrageous conduct;

   c. Demeaning conduct;

   d. Failure to take prompt remedial action;

  e. Affected terms and conditions of Plaintiffs' employment;

  f. Did not provide sufficient recourse.

47. Further, Defendants acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Plaintiff.

48. As a result of Defendant's actions or inaction in violation of 42 U.S.C. § 1981, Plaintiff has suffered loss of wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life in the past, all of which were caused by Defendants' treatment of Plaintiff and, in all probability, Plaintiffs will continue to suffer such damages in the future.

## XI.
## ATTORNEYS' FEES

49. Each and every allegation contained in the foregoing paragraphs is realleged as if fully rewritten herein.

50. As a result of the actions stated above, Plaintiff was forced to employ the undersigned attorneys.

51. As a result of Defendants' conduct, Plaintiff is entitled to recover from Defendants his reasonable attorneys' fees for bringing this action pursuant to the applicable statutes.

## XII.
## DAMAGES

52. Each and every allegation contained in the foregoing paragraphs is realleged as if fully rewritten herein.

53. As a result of Defendant's violations of 42 U.S.C. § 1981, Plaintiffs seek the following relief: (1) back pay; (2) promotion, or if promotion is deemed not feasible, front pay;

(3) loss of wages and benefits in the past and the future; (4) costs of court, expert fees and attorneys' fees; (5) mental anguish and emotional distress in the past and future (6) any punitive, equitable or liquidated damage provided by law, and (7) pre-judgment and post-judgment interest as allowed by all relevant statutes.

54. Also, since Defendants' actions were committed with reckless indifference to Plaintiff's statutorily protected rights, Plaintiff is entitled to recover punitive damages in an amount sufficient to deter Defendants and others similarly situated from this conduct in the future.

55. Additionally, since Defendants' actions were committed willfully, Plaintiff seeks any additional damages allowed under the relevant statutes.

## XIII.
## JURY DEMAND

56. Plaintiffs request a trial by jury on all issues triable by a jury.

## XIV.
## REQUEST FOR RELIEF

57. Each and every allegation contained in the foregoing paragraphs is realleged as if fully rewritten herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that he have judgment against Defendants for (a) the full amount of Plaintiff's actual damages; (b) the full amount of Plaintiff's pecuniary damages and losses; (c) punitive damages; (d) Plaintiff's attorneys' fees; (e) pre-judgment and post-judgment interest at the highest allowable legal rate; (f) all of Plaintiff's taxable costs; (g) mental anguish damages; and (h) all such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

                Respectfully Submitted,

                /s/ Andrew L. Mintz
                Andrew L. Mintz
                andrew@almintzlawfirm.com
                SBOT No. 24037120
                ANDREW L. MINTZ, PLLC
                2603 Augusta, Suite 880
                Houston, Texas 77057
                Telephone:   (713) 780-7100
                Facsimile:   (713) 780-7111

Joseph Y. Ahmad
Texas Bar No. 00941100
SDTX I.D. No. 11604
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.,
1221 McKinney Street, Suite 3460,
Houston, Texas  77010
phone: (713) 655-1101
fax: (713) 655-0062
email:joeahmad@azalaw.com

                **ATTORNEYS FOR PLAINTIFF**
                **JULIUS ISAAC**